UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-23219-CV-COOKE
(11-20110-CR-COOKE)
MAGISTRATE JUDGE REID

MARCO HERNANDEZ,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

## REPORT OF MAGISTRATE JUDGE

### I. Introduction

Movant has filed a *pro se* Motion to Vacate pursuant to 28 U.S.C. § 2255. [ECF No. 1]. He argued that his conviction under 18 U.S.C. § 924(c) was unconstitutional because the predicate offenses were no longer crimes of violence under § 924(c)(3). [*Id*. at 2]. Movant then filed an Amended Motion presenting the same claim. [ECF No. 7] The Court appointed counsel in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). [ECF No. 8]. Counsel[1] filed a legal memorandum arguing that under *Johnson* Movant's § 924(c) conviction was unconstitutional. [ECF No. 18]. The Government filed a Response arguing that the motion was untimely, procedurally barred and without merit. [ECF No. 19]. The Court *sua sponte* entered an Order staying the case pending the United States Supreme Court's decision in *Beckles v. United States*. [ECF No. 20]. After the case was reopened, an Order for supplemental briefing was issued to address what effect, if any, the

---

[1] Initially the Federal Public Defender was appointed as counsel, however after identifying a conflict the public defender withdrew and new counsel was appointed.

United States Supreme Court's decision in *Davis v. United States*, 139 S. Ct. 2319 (2019) had on Movant's argument. [CV ECF No. 25].

As explained below, the Amended Motion should be **DENIED**.

## II. Procedural History

Movant was charged with conspiracy to commit Hobbs Act robbery (Count One), attempted Hobbs Act robbery (Count Two), conspiracy to possess with intent to distribute a cocaine (Count Three), attempted possession with intent to distribute cocaine (Count Four), using, carrying, and possessing a firearm during and in relation to a crime of violence and a drug trafficking crime as set forth in Counts One, Two, Three and Four (Count Five), and being an alien illegally and unlawfully in the United States in possession of a firearm (Count Six). [CR-ECF No. 27].

Movant entered a guilty plea without a written agreement. [CR-ECF No. 104 at ¶4]. A factual proffer supported the plea agreement. [CR-ECF No. 99]. The factual proffer describes Movant's involvement in the planning of, and participation in, a January 27, 2011, robbery of cocaine from a warehouse. [*Id.*]. The robbery was part of an undercover sting operation during which multiple recordings were made of conversations between Movant, his co-defendants, a confidential informant, and an undercover officer. [*Id.*] During one of these conversations Movant suggests bringing a long gun. [*Id.*]. During a final meeting before the planned robbery, it was explained that Movant would receive a portion of the stolen cocaine and that he would be armed when they committed the robbery. [*Id.*]. On the day of the planned robbery, Movant was observed transferring three firearms to the confidential informant's vehicle. [*Id.*]. When they arrived at the location of the planned robbery Movant exited the vehicle with a gun in his possession. [*Id.*]. As Movant was being arrested, he threw the firearm under the confidential informant's vehicle. [*Id.*].

In a post-arrest statement, Movant admitted that he brought three guns to the robbery and he intended to use one the guns himself. [*Id*.].

During the change-of-plea hearing, the prosecutor read the factual proffer into the record. [CR-ECF No. 176 at 19-24]. The court asked the Movant if he understood the proffer and if it was accurate, Movant responded "Yes, your honor." [*Id*. at 24].

The Court accepted Movant's plea and adjudged him guilty. [*Id*. at 25]. The Court entered judgment, sentencing movant to 120 months as to Counts 1,2,3,4, and 6 to be served concurrently. [*Id*.]. The Court imposed a consecutive term of 60 months for Count 5. [*Id*.]. Movant appealed arguing that his plea was involuntary. The Eleventh Circuit affirmed. [CR-ECF No. 238].

### III. Discussion

The initial Motion filed by Movant challenged the imposition of the consecutive sentence under § 924(c) as unconstitutional in light of *Johnson* even though *Johnson* addressed § 924(e). In *Johnson*, the Supreme Court held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." *Johnson*, 135 S. Ct. at 2563. Subsequent to the filing of the Motion, the Supreme Court decided *Davis* which applied *Johnson* to find the residual clause of § 924(c) to also be unconstitutionally vague. *See Davis*, 139 S. Ct. at 2336. Since *Davis* is directly applicable to Movant's § 924(c) conviction his claim is analyzed under *Davis* rather than *Johnson*.[2]

"[Section] 924(c) provides for a mandatory consecutive sentence for any defendant who uses a firearm during a crime of violence or a drug-trafficking crime." *In re Sams*, 830 F.3d 1234,

---

[2] Although the Supreme Court did not expressly find that *Davis* was retroactive, the Eleventh Circuit has found that "the Supreme Court's holdings in *Davis* and *Welch* necessarily dictate that *Davis* has been made retroactively applicable to criminal cases that became final before *Davis* was decided." *In re Hammoud,* 931 F.3d 1032, 1038 (11th Cir. 2019). Since the instant Motion was pending at the time *Davis* was decided, the Government's argument that the Motion is untimely is deemed moot.

1237 (11th Cir. 2016) (citing 18 U.S.C. § 924(c)(1)). Under § 924(c), "crime of violence" means an offense that is a felony and:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3)(A)-(B).

The former clause is referred to as the "use-of-force clause" or "elements clause" and the latter as the "residual clause." *Davis*, 139 S. Ct. at 2324; *see also Sams*, 830 F.3d at 1237. *Davis* invalidated § 924(c)'s residual clause, but not its elements clause. *See In re Pollard*, 931 F.3d 1318, 1320 (11th Cir. 2019).

A § 2255 movant "bear[s] the burden of showing that he is actually entitled to relief on his *Davis* claim, meaning he [must] show that his § 924(c) conviction resulted from application of solely the [now defunct] residual clause [in § 924(c)(3)(B)]." *Hammoud*, 931 F.3d at 1041 (citing *Beeman v. United States*, 871 F.3d 1215, 1222-25 (11th Cir. 2017); *In re Moore*, 830 F.3d 1268, 1271 (11th Cir. 2016)).

"[A] conviction under § 924(c) does not require that the defendant be convicted of, or even charged with, the predicate offense." *In re Navarro*, 931 F.3d 1298, 1302 (11th Cir. 2019) (citing *United States v. Frye*, 402 F.3d 1123, 1127 (11th Cir. 2005)). "Instead, § 924(c) requires only that the predicate crime be one that may be prosecuted." *Id.* (citations omitted). "To satisfy that requirement, the government must show that the defendant used or carried a firearm during and in relation to a crime of violence or drug-trafficking crime, and the factual proffer can be a sufficient basis for a district court to determine that a defendant committed the underlying [crime of violence or] drug-trafficking crime." *Id.* (citing *Frye*, 402 F.3d at 1128).

A federal prisoner raising a *Davis* claim cannot show that he was sentenced under § 924(c)'s residual clause if current binding precedent clearly establishes his predicate offense qualifies as a crime of violence under the elements clause." *Levatte v. United States*, 805 Fed. App'x 658, 659-60 (11th Cir. 2020) (*per curiam*) (citing *Pollard*, 931 F.3d at 1321). Here, Movant cannot meet his burden of showing that his § 924(c) convictions resulted solely from its invalidated residual clause.

The indictment makes clear that these convictions were predicated on the conspiracy to commit Hobbs Act robbery as well as attempted Hobbs Act robbery and the charged drug trafficking crimes. The Eleventh Circuit has held that attempted Hobbs Act robbery is a crime of violence under § 924(c)'s elements clause. *See United States v. St. Hubert*, 909 F.3d 335, 351 (11th Cir. 2018), *abrogated in part on other grounds by Davis*, 139 S. Ct. at 2336. The factual proffer conclusively established that Movant was armed with a firearm when he committed both the underlying attempted Hobbs Act robbery and the drug trafficking crimes. [CR ECF No. 99 at 4]. Since the attempted Hobbs Act robbery charge and drug trafficking charges remain proper predicates to support the § 924(c) conviction even after *Davis*, Movant's challenge to his § 924(c) convictions fail.

### IV.     Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." R. 11(a), Rules Governing § 2255 Proceedings. "If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." *Id.* "If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22."

*Id.* "A timely notice of appeal must be filed even if the district court issues a certificate of appealability." R. 11(b), Rules Governing § 2255 Proceedings.

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a District Court rejects a § 2255 movant's constitutional claims on the merits, the movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (citation and internal quotation marks omitted). Here, the Undersigned denies a certificate of appealability. If Movant disagrees, he may so argue in any objections filed with the District Court.

## V. Recommendations

Based on the foregoing, it is recommended that Movant's Amended Motion to Vacate [ECF No. 18] be **DENIED**, that no certificate of appealability issue, that final judgment be entered, and this case closed.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar Movant from a *de novo* determination by the District Judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the District Judge except upon grounds of plain error or manifest injustice. *See* 28 U.S.C. § 636(b)(1); *see also Thomas v. Arn*, 474 U.S. 140, 148-53 (1985).

SIGNED this 3rd day of November, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Kenneth H. White
40 NW 3rd Street, Suite 200
Miami, Florida 33128, FL 33133
305-4424277
Fax: 305-446-6150
Email: acquit777@aol.com

Monique Botero
United States Attorney's Office
HIDTA
11200 NW 20 Street
Suite 101
Miami, FL 33172
305-715-7648
Fax: 305-715-7639
Email: monique.botero@usdoj.gov